IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGER DEVELOPMENT, LLC, an Illinois limited liability company, for itself and all those similarly situated, ) ) ) ) Plaintiff, ) v. ) ) NATIONAL CITY BANK, a national banking association ) ) ) ) Defendant. | Case No. 08 C 6200 Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff Reger Development, LLC ("Reger") filed a Class Action Complaint against National City Bank ("National City") alleging breach of contract and fraud. National City has moved to dismiss Reger's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated, National City's Motion to Dismiss is granted.

## STATEMENT OF FACTS

On June 25, 2007, Reger entered into a Promissory Note[1] and a Commercial Guaranty with National City for a line of credit.[2] Compl. ¶ 3. Before Kevin Reger ("Mr. Reger"), the manager of Reger, signed the documents, National City informed him that the Promissory Note and the

---

[1] Reger maintains that the agreement that it entered into with National City was a "Promissory Note" because it was titled "Promissory Note." The semantics of what to title the agreement is a distinction without a difference because a demand note is a promissory note. *See* Black's Law Dictionary, at 1214 (6th ed.) (defining "promissory note" as "a promise or engagement, in writing, to pay a specified sum at a time therein stated, or on demand, or at sight, to a person named therein, or to his order, or bearer"). Nonetheless, the Court will refer to the agreement as "the Promissory Note" throughout this Opinion.

[2] Reger attached and incorporated by reference a copy of the Promissory Note and the Guaranty to its Complaint. *See* Fed.R.Civ.P. 10(c); *see also Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 729 (7th Cir. 1999) ("Documents attached to the complaint are incorporated into it and become part of the pleading itself."). Therefore, the Court can consider the contents of both the Promissory Note and the Guaranty when ruling on National City's Motion to Dismiss. *See Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002) (in deciding a motion to dismiss, the court can consider any documents incorporated or referenced in the complaint).

Commercial Guarantee were form documents and that their language was non-negotiable. Compl. ¶ 6. Since the execution of the Promissory Note, Reger has consistently made interest payments on the line of credit in a timely fashion and in accordance with the contract. Compl. ¶ 10. About a year after entering into the Promissory Note, National City requested that Mr. Reger provide it with an updated Personal Financial Statement and copies of his most recent tax returns so that National City could conduct an annual review of Reger's line of credit. Compl. ¶ 11. After Reger complied with the request, National City requested a meeting to discuss 'usage" of the line of credit. Compl. ¶ 15. At the meeting, Reger was informed that in order to keep the line of credit in place, Reger needed to make a payment toward principal to pay down a portion of the outstanding balance on the line of credit. Compl. ¶ 20. Fearful that National City would demand payment of the entire loan, Mr. Reger agreed to pay $125,000 toward the principal. Compl. ¶¶ 21, 23. About three weeks later, National City once again contacted Reger about its line of credit. Compl. ¶ 27. National City informed Mr. Reger that it wanted him to "term out" $300,000 of the line of credit by having one of Mr. Reger's other business entities agree to a 3 year loan in the amount of $300,000, with a 25 year amortization, and by placing a second mortgage on a piece of property owned by the entity. Compl. ¶ 28. National City would then reduce Reger Development's line of credit from $750,000 to between $400,000 and $500,000. Compl. ¶ 28. In response, Reger expressed his surprise that National City was attempting to renegotiate the line of credit and asked whether it would be "called" if Reger did not agree to National City's demands. Compl. ¶ 29. National City told Reger that "there is a possibility that we may demand payment of the line . . . ." Compl. ¶ 31. Reger then filed the instant suit alleging that National City breached the terms of the Promissory Note and committed fraud.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). To state a claim upon which relief can be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not allege all facts involved in the claim. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). However, in order to survive a motion to dismiss for failure to state a claim, the claim must be supported by facts that, if taken as true, at least plausibly suggest that the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Such a set of facts must "raise a reasonable expectation that discovery will reveal evidence" of illegality. *Id.* at 1965.

A party may plead itself out of court by pleading facts that establish an "impenetrable defense" to its claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). A plaintiff pleads himself out of court when it would be necessary to contradict his complaint in order to prevail on the merits. *See id.* Furthermore, if a plaintiff inserts unnecessary facts into his complaint, the defendant may use those facts to demonstrate that he is not entitled to relief. *See id.*

## DISCUSSION

**I. Breach of Contract**

Reger asserts that National City breached the Promissory Note by conducting an "annual review" of Reger's line of credit (requesting copies of Reger's financials), by demanding that Reger pay down a portion of the Promissory Note even though its line of credit was in good standing, and by unilaterally attempting to change the terms of the Promissory Note without its consent and then threatening to demand full payment of the line if Reger did not accept the changes. Compl. at ¶ 35.

Under Illinois law, to state a claim for breach of contract, Reger must allege: 1) the existence

3

of a valid and enforceable contract; 2) performance by Reger; 3) breach by National City; and 4) damages to Reger. *See Zirp-Burnham, LLC v. E. Terrell Assocs., Inc.*, 826 N.E.2d 430, 439 (Ill. App. Ct. 2005). To construe the meaning of a contract, courts first look to the contract's own language, giving the terms their plain and ordinary meaning. *See Mo. Pac. R. Co. v. Am Re-Ins. Co.*, 676 N.E.2d 965, 968 (Ill. App. Ct. 1996). If any allegations in Reger's Complaint conflict with the parties' Promissory Note, the information provided in the contract trumps Reger's assertions in its Complaint. *See Whirlpool Financial Corp. v. GN Holdings, Inc.*, 873 F.Supp. 111, 123 (N.D. Ill. 1995) (citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("where . . . an exhibit contradicts the assertions made in the complaint itself and reveals facts that foreclose recovery as a matter of law, the exhibit controls.").

Here, the terms of the Promissory Note are plain, unambiguous and expressly permit National City to request Reger's financials,[3] to demand payment of the line of credit at anytime,[4] and to modify the line of credit without the consent of or notice to anyone other than the party with whom the modification is made.[5] *See* Promissory Note at 1-2. Reger's assertion that other standard

---

[3] "Borrower will furnish to Lender, at Borrower's expense, promptly upon each request of Lender, such information in writing regarding Borrower's financial condition, income taxes, properties, business operations, if any, and pension plans, if any, as Lender may from time to time reasonably request, prepared, in the case of financial information, in accordance with generally accepted accounting principals consistently applied and otherwise in form and detail satisfactory to Lender." (Promissory Note (Financial Information) at 2; Commercial Guarantee (Financial Information) at 3).

[4] "Reger Development, LLC ("Borrower") promises to pay to National City Bank ("Lender") . . . in lawful money of the United States of America, *on demand*, the principal amount of Seven Hundred and Fifty Thousand Dollars or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance." (Promissory Note (Promise to Pay) at 1); "Borrower will pay this loan in full immediately upon Lender's *demand*." (Promissory Note (Payment) at 1); "Upon Lender's *demand*, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount." (Promissory Note (Lender's Rights) at 1); "Notwithstanding any other provision set forth in this Note, if (a) any principal owning under this Note remains unpaid after Lender shall have given Borrower *notice of demand* for payment thereof . . . " (Promissory Note (Failure To Pay On Demand) at 2).

[5] "All such parties agree that Lender may renew or extend . . . this loan or release any party or guarantor or collateral . . . ; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than

4

provisions contained in the Promissory Note ("interest after default," "no prepayment penalty," "request for financial information," and "bankruptcy or insolvency") somehow transform the Promissory Note into a loan that National City could not call except for non-payment or misuse is unconvincing. These standard provisions are in no way limitative of National City's express right to make demand at any time, for any reason, or for no reason at all. Furthermore, these provisions do not render the Promissory Note vague, ambiguous or misleading. *See Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 154 (Ill. App. Ct. 2000) ("[A] contract is not rendered ambiguous imply because one party does not agree to its current construction."). Lastly, Reger, through Mr. Reger, expressly acknowledged that he read and understood the contents of the Promissory Note before he signed it. *See* Promissory Note at 2 ("Prior to signing this note, Borrower read and understood all the provisions of this note . . . Borrower agrees to the terms of the note."). Therefore, even if the Court accepts the facts alleged in Reger's Complaint as true, they do not plausibly suggest that National City breached the Promissory Note.

Furthermore, the facts plead in Reger's Complaint do not support its conclusory allegation that National City unilaterally attempted to change the terms of the Promissory Note without its consent and then threatened to demand full payment of the line if Reger did not accept the changes. As stated in Reger's Complaint, when National City attempted to modify the line of credit it went to Reger and explained the changes it wanted to make. It did not unilaterally make any modifications to the contract without the consent of or notice to Reger. Reger's own Complaint states that when Reger asked National City whether the line of credit would be "called" if Reger did not agree to National City's proposed changes, National City responded, "there is a *possibility* that we may demand payment of the line . . . ." Compl. at ¶ 29-31. These facts, as stated in Reger's

---

the party with whom the modification is made." (Promissory Note (General Provisions) at 2).

Complaint, do not support the conclusion that National City *threatened* to demand full payment of the line of credit. Moreover, if National City wanted to demand full payment of the line of credit, it was well within its rights under the Promissory Note to do so. National City had the express right, under the Promissory Note, to call, at any time, all or part of the outstanding principle. *See* Promissory Note at 1-2.

Reger asserts that National City must have breached the Promissory Note because its "reasonable expectations" were that the line of credit would continue as long as it continued to abide by the terms of the loan. Reger's expectation, however, cannot be "reasonable" given that the plain, unambiguous language of the Note states that National City can call the line of credit on demand. *See* 810 ILCS 5/1-208 cmt. ("Obviously this section [imposing a good faith obligation on an option to accelerate payment and/or performance, or require collateral and/or additional collateral] *has no application to demand instruments or obligations whose very nature permits call at anytime with our without reason*.") (emphasis added); *see also Kham v. Nate's Shoes No. 2 Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (7th Cir. 1990) ("Although courts often refer to the obligation of good faith that exists in every contractual relation, this is not an invitation to the court to decide whether one party ought to have exercised privileges expressly reserved in the document. . . .[reasonable expectations] do not block use of terms that actually appear in the contract."); N.W.I. *Int'l v. Edgewood Bank*, 684 N.E. 2d 401, 409 (Ill. App. Ct. 1997) (holding that a demand note entitles a bank to "full and immediate payment without the condition of reasonable insecurity" regardless of the parties' course of dealing). Therefore, because Reger's conclusory allegations that National City breached the Promissory Note are not only unsupported, but are directly contradicted by the plain language in the parties agreement, its Complaint fails to state a claim against National City for breach of contract.

## II. Fraud

Next, Reger claims that National City engaged in a scheme to defraud when it "changed the terms of the lines of credit at its whim and without regard to the reasonable expectations of the borrowers under the various lines of credit." Compl. at ¶ 35. To plead a claim for fraud, Reger must allege (with particularity) that National City: 1) made a false statement of material fact; 2) knew or believed the statement to be false; 3) intended to and, in fact, did induce Reger Development to reasonably rely and act on the statement; and 4) caused injury to Reger Development. *See* Fed.R.Civ.P. 9(b) ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud . . ."); *Redarowics v. Ohlendorf*, 441 N.E. 2d 324, 331 (Ill. 1982) (failure to plead even one of the elements requires dismissal). No where in its Complaint does Reger allege with particularity, or even identify, any false statement of material fact that National City allegedly made, nor does it identify an omission of material fact by National City. Additionally, no where in its Complaint does Reger allege that its "reasonable expectation" that its line of credit would continue so long as it made its required payments and did not draw on the line for improper purposes, was formed by anything that National City said or didn't say. In contrast, Reger's own Complaint states that National City expressly told Reger that the Promissory Note was a pre-approved form that was "non-negotiable." Compl. at ¶ 6.

Furthermore, even if Reger had identified a false statement by National City, Reger has failed to plead any facts that would allow it to allege reasonable reliance, rather the facts as pled preclude Reger from alleging reasonable reliance as a matter of law. The plain language of the Promissory Note is clear and Reger signed the contract after acknowledging that it had read and agreed to its terms. Therefore, Reger cannot now assert that he reasonably relied on representations outside the contract to his detriment. *See Northern Trust Co. v. VIII S. Mich. Assocs.*, 657 N.E. 2d

1095, 1103 (Ill. App. Ct. 1995) ("[A] borrower is not justified in relying on representations outside of or contrary to the contract he or she signs where the signer is aware of the nature of the contract and had full opportunity to read the contract."). Reger cannot "close his eyes to the contents of [the Promissory Note] and then claim that [National City] committed fraud merely because it followed its contract." *Id.* Reger has failed to plead facts that plausibly suggest a cause of action against National City for breach of contract.

## **CONCLUSION AND ORDER**

For the reasons stated, National City's Motion to Dismiss is granted.[6]

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date: April 28, 2009

---

[6] The fact that Reger Development attempts to bring claims on behalf of a putative class does not preclude dismissal. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (if named plaintiffs are unable to establish a case, they may not seek relief on behalf of other members of the class.).